UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT M. HIRSCH,<br><br>                    Plaintiff,<br><br>         -against-<br><br>ADINA MILES; YESHIVA OF FLATBUSH JOEL BRAVERMAN HIGH SCHOOL,<br><br>                    Defendants. | 21-CV-5637 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action invoking the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. He alleges that Defendants violated his rights under New York State law and that the claims arose on Instagram and in Brooklyn, New York. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that his claims arose both on Instagram and in Brooklyn, which is located in Kings County. He also alleges that both Defendants reside in Brooklyn. Because Plaintiff does

not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Kings County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons will not issue from this Court. This order closes this case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 1, 2021
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge